**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**GONZALEZ,**                                       16-cv-02611 (JGK)

        Plaintiff,                 MEMORANDUM OPINION AND
                                                    ORDER
    - against -

**J.P. MORGAN CHASE BANK. N.A. ET AL.,**

        Defendants.

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    In a Memorandum Opinion and Order dated January 11, 2017, this Court dismissed the Amended Complaint. See Gonzalez v. J.P. Morgan Chase Bank, N.A., No. 16-CV-02611 (JGK), 2017 WL 122993 (S.D.N.Y. Jan. 12, 2017). As stated in the Memorandum Opinion and Order, "The claims for money damages for violations of the TILA, rescission under the TILA, and specific performance [were] **dismissed with prejudice**. The claims for declaratory relief, constructive fraud, and slander of title [were] **dismissed without prejudice**." Id. at *13. The plaintiff was given leave to file a second amended complaint by February 3, 2017. Id. As noted in the Memorandum Opinion and Order, the plaintiff had retained counsel during the pendency of the litigation, and thus should be given "the opportunity to amend the Amended Complaint consistent with this opinion to assert against the defendants

any potentially meritorious claim, so long as the claim has a good faith basis in fact and in law." Id. at *12.

On February 3, 2017, the plaintiff filed a *pro se* second amended complaint, and a supporting declaration. See Dkts. 47-48. On February 9, 2017, the Court received a letter from the defendants asking the Court to dismiss the action with prejudice. See Dkt. 49.

The plaintiff is currently represented by counsel, and thus all papers should be filed by counsel. Counsel cannot withdraw from the proceeding without permission from the Court. See Estate of Larry Shaw & Susan Shaw v. Marcus, No. 14-CV-3849 (NSR), 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (discussing Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York). Because the plaintiff is represented by counsel, the plaintiff is no longer acting *pro se*. Rule 11 of the Federal Rules of Civil Procedure requires that, "Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Counsel has not signed the pleadings.

Moreover, pursuant to its docket-managing authority, the Court will not accept submissions from the plaintiff on a *pro se*

2

basis, so long as he is represented by counsel. See <u>United States v. DiPietro</u>, No. 02 CR. 1237 (SWK), 2007 WL 3130553, at *1 (S.D.N.Y. Oct. 17, 2007); <u>Mitchell v. Senkowski</u>, 489 F. Supp. 2d 147, 149 (N.D.N.Y. 2006) (collecting cases).

Dkts. 47-48 accordingly must be stricken.

The defendants argue that the action should be dismissed with prejudice, but there is no reason that the plaintiff's conduct should result in such a draconian result. The defendant will suffer no prejudice if the plaintiff is given more time to file a second amended complaint.

The defendants also fault the deficient second amended complaint because it raises new causes of action other than those pleaded in the Amended Complaint, and a claim pursuant to the California Homebuyer Bill of Rights. The defendants argue that the Memorandum Opinion and Order limited the second amended complaint to pleading *only* those claims. That misreads the Memorandum Opinion and Order, which gave the plaintiff "the opportunity to amend the Amended Complaint consistent with [the Memorandum Opinion and Order] to assert against the defendants *any potentially meritorious claim*, so long as the claim has a good faith basis in fact and in law." <u>Gonzalez</u>, 2017 WL 122993, at *12 (emphasis added) (citation omitted). The Memorandum Opinion and Order does not contain the limiter the defendants suggest. Rather, the claims dismissed with prejudice may not be

3

repleaded. Otherwise, the plaintiff may plead any other potentially meritorious claim, so long as the claim has a good faith basis in fact and in law.[1] See id.

For the foregoing reasons, the Clerk is directed to **strike Dkts. 47-48**. To the extent that the defendants' letter could be construed as a motion seeking to dismiss this action with prejudice, that motion is **denied.**

The plaintiff's time to file a second amended complaint is extended to **February 27, 2017**. If the plaintiff fails to file a second amended complaint by that date, the action will be dismissed with prejudice. Any pleadings must comply with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and this Court's Orders. So long as the plaintiff is represented by counsel, any pleadings on behalf of the plaintiff will not be accepted unless they are filed with the Court by plaintiff's counsel.

The parties are also reminded about the importance of considering a transfer of this action to the United States District Court for the Central District of California, where the property at issue is located. See id. at *12-13.

---

[1] This Memorandum Opinion and Order should not be construed as commenting on the merits of the plaintiff's claims as set forth in the deficient second amended complaint, and whether those claims would have a good faith basis in fact and in law.

4

The Clerk is directed to close all open motions.

**SO ORDERED.**

**Dated:    New York, New York
           February 10, 2017**                  _____/s/_____
                                                     John G. Koeltl
                                                **United States District Judge**